CCC:JWB
F.# 2018R00132

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

RYAN YOUNG,
    also known as "Richard Cullen,"

               Defendant.

------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 13 2018 ★
LONG ISLAND OFFICE

INFORMATION

Cr. No. _____
(T. 18, U.S.C., §§ 981(a)(1)(C),
 1349 and 3551 et seq.; T. 21,
 U.S.C., § 853(p); and T. 28,
 U.S.C., § 2461(c))

THE UNITED STATES CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1.     The defendant RYAN YOUNG, also known as "Richard Cullen," was a direct mailer who resided in New Jersey. The defendant operated a direct mail business with a co-conspirator ("CC1"), an individual whose identity is known to the United States. CC1 resided in Turkey and New Jersey.

2.     The defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 used various foreign and domestic shell companies, including shell companies incorporated in Hong Kong, the Seychelles, Belize, and the British Virgin Islands, to conduct their direct mail business and to conceal their involvement in a fraudulent scheme involving that business.

2

## The Fraudulent Scheme

3.     In or about and between November 2011 and September 2016, the defendant RYAN YOUNG, also known as "Richard Cullen," together with others, devised, implemented and executed a scheme to fraudulently induce individuals throughout the United States and in numerous foreign countries (the "Victims") and to obtain money and property from them by falsely telling the Victims that they had won cash awards or luxury prizes. The fraudulent scheme generally worked as follows:

(a)     The defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 paid another co-conspirator ("CC2"), an individual whose identity is known to the United States, to create direct mail solicitations that falsely notified the Victims that they had won a large amount of money or other valuable prizes, such as a luxury vehicle, in a sweepstakes, lottery, or other contests that were purportedly sponsored by official-sounding yet fictitious entities, such as "Cash Payout Disbursement Advisors," "Progressive Winners Guarantors," and "Vehicle Transport Company." The defendant and CC1 also included the name and signature of a fictitious officer or representative of the fictitious entity in the solicitations.

(b)     Through the execution of the fraudulent scheme, the defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 caused millions of these fraudulent solicitations to be sent by United States mail, private commercial carrier, and foreign mail to the Victims – many of whom were elderly – throughout the United States, including in the Eastern District of New York, as well as in numerous foreign countries,

including Canada, France, Germany, Austria, Switzerland, the United Kingdom, Australia, New Zealand, and Japan.

(c) As part of the scheme, the defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 directed the Victims to send a small amount of money – usually $20 to $30 – to pay purported processing or delivery fees associated with their non-existent winnings or prizes when, in truth and in fact, the defendant and his co-conspirators well knew and believed that the Victims owed no fees, and had won no such prizes. The defendant and CC1 further provided pre-addressed return envelopes and instructed the Victims to return payments to mailboxes controlled by the defendant and CC1 at a "caging service." A caging service is a company that opens post office boxes on behalf of direct mailers and handles return mail and payments that arrive at the post office boxes. The defendant and CC1 used caging services in the Netherlands, Canada, and New Jersey.

(d) It was also part of the scheme that the defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 opened accounts with a payment processing company in Canada. The caging services forwarded Victim payments to the payment processing company. The payment processing company deposited cash, checks, money orders, and credit card payments from the Victims into bank accounts controlled by the payment processing company. The defendant and CC1 then instructed the payment processing company to send money, by check and/or wire, to pay co-conspirators, including CC2, and other vendors that provided various services used by the defendant and his co-conspirators, as well as to accounts controlled by the defendant and/or CC1.

4

(e) It was a further part of the scheme that the defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 did not send large cash awards or other valuable prizes to any of the Victims. In most cases, the Victims received nothing; in some cases, the defendant and CC1 sent items, including a report listing unrelated sweepstakes the Victim could enter or a piece of fake jewelry of nominal value, to some of the Victims who paid the fees.

(f) Over the course of the conspiracy detailed above, the defendant RYAN YOUNG, also known as "Richard Cullen," and CC1 fraudulently collected more than $50 million from hundreds of thousands of victims throughout the United States, including victims located in the Eastern District of New York, as well as in numerous foreign countries. The defendant and his co-coconspirators kept the fraudulently obtained funds for their personal use and to further their fraudulent scheme.

## CONSPIRACY TO COMMIT MAIL FRAUD

4. The allegations contained in paragraphs one through three are re-alleged and incorporated as if fully set forth in this paragraph.

5. In or about and between November 2011 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RYAN YOUNG, also known as "Richard Cullen," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing

such scheme and artifice, did place matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom, any such matter or thing, contrary to Title 18, United States Code, Section 1341.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

6. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: *[signature]*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

*[signature]*
GUSTAV EYLER
ACTING DIRECTOR
CONSUMER PROTECTION BRANCH