21-776-cv; 21-777-cr
*PacNet Services Ltd, et al. v. U.S. Dep't of Treasury*
*United States v. PacNet Services Ltd, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF A PPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-two.

Present:   DEBRA ANN LIVINGSTON,
                   *Chief Judge*,
            JOSÉ A CABRANES,
            MICHAEL H. PARK,
                   *Circuit Judges*.

_____

PACNET SERVICES, LTD,

                   *Plaintiff-Appellant*,

INTERNATIONAL PAYOUT SYSTEMS, INC.,

                   *Intervenor-Appellant*,

            v.                                        21-776-cv, 21-1069-cv

UNITED STATES DEPARTMENT OF THE TREASURY,
OFFICE OF FOREIGN ASSETS CONTROL AND JOHN
DOES 1–73,

                   *Defendants-Appellees*.

OTTER MIST TRADING 1096 CC, INTERNATIONAL

CERTIFIED COPY ISSUED ON 07/08/2022

MULTI-MEDIA ENTERTAINMENTS LIMITED,
CONTINENTAL MAIL PROCESSING NV, JOHN DOE
#25, JOHN DOE #28, JOHN DOE #57, AND JOHN DOE,

          *Defendants.*

---

UNITED STATES OF AMERICA,

          *Appellee,*

PACNET SERVICES LTD, CHEXX (AMERICAS) INC.,
ACCU-RATE CORP., AND INTERNATIONAL PAYOUT
SYSTEMS, INC.,

          *Interested Party–Appellants,*

      v.                   21-777-cr, 21-1086-cr

RYAN YOUNG, AKA RICHARD CULLEN,

          *Defendant.*[1]

---

| | |
|---|---|
| For Plaintiff-Appellant and Interested Party–Appellants: | ALEXANDRA A.E. SHAPIRO (Ted Sampsell-Jones, *on the brief*), Shapiro Arato Bach LLP, New York, NY. |
| For Intervenor-Appellant and Interested Party–Appellant: | MARCOS DANIEL JIMÉNEZ, Marcos D. Jiménez, P.A., Miami, FL. |
| For Defendants-Appellees: | Layaliza Soloveichik and Varuni Nelson, Assistant United States Attorneys, *for* Breon Peace, United States Attorney, United States Attorney's Office for the |

---

[1]  The Clerk of Court is directed to amend the official caption as set forth above.

Eastern District of New
York, Brooklyn, NY.

For Appellee:                                   TANISHA R. PAYNE, Assistant
United States Attorney
(Saritha Komatireddy,
Assistant United States
Attorney, *on the brief*), *for*
Breon Peace, United States
Attorney, United States
Attorney's Office for the
Eastern District of New
York, Brooklyn, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED** and that the matter is **REMANDED** for further proceedings.

In these related cases, Appellants PacNet Services Ltd. ("PacNet") and International Payout Systems ("IPS") appeal the February 24, 2021 order and judgment of the district court (Azrack, *J.*), staying the criminal forfeiture ancillary proceedings in *United States v. Young*, 18-cr-46 (E.D.N.Y.) (the "Ancillary Proceeding"), and dismissing the statutory civil interpleader action brought by PacNet in *PacNet Services Ltd. v. Office of Foreign Assets Control of the United States Department of the Treasury*, 17-cv-6027 (E.D.N.Y.) (the "Interpleader Action").   In addition, Appellants challenge, by virtue of their status as third-party claimants in the Ancillary Proceeding, the September 11, 2019 preliminary forfeiture order entered by the district court in *Young* (the "Preliminary Forfeiture Order").   We assume the parties' familiarity with the

3

underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to dismiss the appeals and to remand for further proceedings.

*       *       *

Appellants principally contend that the Government has improperly seized their funds for criminal forfeiture in *Young* and that they are unable to vindicate their claims because the district court has stayed the Ancillary Proceeding pending the resolution of a separate criminal case against individuals who served as PacNet's principals, *United States v. Day*, 19-cr-155 (D. Nev.).   But on June 7, 2022, after briefing in this appeal was completed, the district court issued an indicative ruling in response to the Government's request to lift the stay pursuant to Rule 62.1 of the Federal Rules of Civil Procedure (the "Indicative Ruling").   The Indicative Ruling provides:

> If the Second Circuit were to remand the *Young* forfeiture proceedings, then the Court would grant the Government's request and would lift the stay of the *Young* forfeiture proceedings.   The Court's prior concerns that moving forward with the proceedings in *Young* would adversely affect the Government's prosecution in *Day* have dissipated and the Court finds that continuation of the stay is no longer warranted given the record here.

Indicative Ruling at 2.   Upon timely motion, Rule 62.1 "authorizes a district court whose jurisdiction has been divested by an appeal to 'state . . . that it would grant the motion if the court of appeals remands for that purpose.'"   *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) (quoting Fed. R. Civ. P. 62.1(a)(3)).   Moreover, under Rule 12.1 of the Federal Rules of Appellate Procedure, "[i]f the district court states that it would grant the motion," we "may remand for further proceedings," but we "retain[] jurisdiction unless [we] expressly dismiss[] the appeal." Fed. R. App. P. 12.1(b).

4

Here, dismissal of the appeals and remand are appropriate.   In light of the district court's indication that it would lift the stay of the Ancillary Proceeding if its jurisdiction were restored, we need not address Appellants' arguments as to the propriety of the stay.   Nor is it necessary for us to address in the first instance Appellants' challenge to the scope of the Preliminary Forfeiture Order.   Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853 set forth a two-step process for adjudicating forfeiture claims in a criminal case.   "At stage one of that procedural framework, before entering a preliminary order of forfeiture, the court is directed to adjudicate the government's interest vis-à-vis the defendant '*without regard to any third party's interest in the property.*'"   *United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) (emphasis added) (quoting Fed. R. Crim. P. 32.2(b)(2)(A)).   Then, "at stage two, before entering a final order of forfeiture, the court resolves any third-party petitioner's interests vis-à-vis the defendant" in a so-called "ancillary" proceeding.   *Id.* (citing 21 U.S.C. § 853(n)(6)(A)). [2]   Here, the Ancillary Proceeding has not yet concluded.   As third-party claimants to the forfeited property, Appellants' arguments in this Court are thus premature.   Appellants may assert their interests through the framework for ancillary proceedings in the ordinary course. [3]

---

[2] Such ancillary proceedings are the exclusive procedure through which a third party may assert an interest in property that is subject to forfeiture in a criminal case.   *Daugerdas*, 892 F.3d at 553 ("It is well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets." (internal citation, quotation marks, and alteration omitted)); Fed. R. Crim. P. 32.2(b)(2)(A) ("Determining whether a third party has such an interest *must* be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." (emphasis added)).

[3] The appeal of the district court's February 24, 2021 order and judgment raised by IPS must also be dismissed for a separate reason.   IPS's notice of appeal was filed on April 28, 2021, *i.e.*, more than 60 days after the district court's February 24, 2021 order and judgment.   Because IPS failed to meet the 60-day deadline set forth in Rule 4(a)(1)(B) of the Federal Rules of Appellate

Finally, the district court dismissed the Interpleader Action for lack of subject-matter jurisdiction. We need not address the propriety of this ruling either, since Appellants seek reinstatement of the Interpleader Action only if this Court were to vacate the Preliminary Forfeiture Order. Because we do not address this preliminary order, but instead remand so that "at stage two, before entering a final order of forfeiture," Appellants' claims to the subject property can be resolved, *id.*, we decline to reach the propriety of the district court's jurisdictional ruling.

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, the appeals are **DISMISSED** and the matter is **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

Procedure, its appeals must be dismissed for want of jurisdiction. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 (2d Cir. 2011) (noting that the Rule 4(a) "[f]iling deadlines are mandatory and jurisdictional").

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6